UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOUCHSCREEN GESTURES, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 6:12-cv-00261-LED |
| | ) | |
| HTC CORPORATION and | ) | |
| HTC AMERICA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIMS OF DEFENDANTS HTC CORPORATION AND HTC AMERICA, INC. TO PLAINTIFF'S COMPLAINT

Defendants HTC Corporation and HTC America, Inc. (collectively referred to herein as "HTC" for the purpose of this answer only), through their undersigned counsel, hereby file this Answer and Counterclaims to the Complaint filed by Plaintiff Touchscreen Gestures, LLC ("Touchscreen"), as follows:

### RESPONSE TO PARTIES

1.      HTC is without knowledge sufficient to admit or deny the allegations of paragraph 1 of the Complaint and, therefore, on that basis denies the allegations in that paragraph.

2.      HTC admits that HTC Corporation is a Taiwanese corporation, but states that the address of its principal place of business is 23 Xinghua Rd. Taoyuan 330, Taiwan, R.O.C, not the address set forth in the Complaint.  HTC further admits that HTC Corporation may be served with process in accordance with the Hague Convention, but notes that for purposes of this case it has waived formal service of process.  For the purpose of this lawsuit only, HTC Corporation

1

does not contest personal jurisdiction in this district and division.  HTC denies the remaining allegations of paragraph 2 of the Complaint.

3.      HTC admits that HTC America, Inc. ("HTCA") is a Washington corporation with its principal place of business in Bellevue, Washington.  HTC admits that HTCA has appointed an agent for service of process in Texas.  For the purpose of this lawsuit only, HTC admits that HTCA is subject to personal jurisdiction in this district and division, and denies the remaining allegations of paragraph 3 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

4.      HTC admits that the Complaint purports to state an action arising under the Patent Laws of the United States and, accordingly, that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the legal sufficiency of Plaintiff's claims against HTC, denies that Plaintiff has any viable claim for patent infringement against HTC, and otherwise denies the allegations of paragraph 4 of the Complaint.

5.      The allegation that venue is proper in this district is a legal conclusion that does not require a response.  For purposes of this action, HTC does not contest that venue is proper in this district as to HTC, but denies that this forum is convenient for this case.  HTC further denies it has committed the alleged acts of patent infringement in this district or anywhere else.  To the extent not expressly admitted herein, HTC denies any remaining allegations of paragraph 5 of the Complaint.

6.      For purposes of this action, HTC does not contest that this Court has personal jurisdiction over HTC Corporation and HTCA.  HTC denies the remaining allegations of paragraph 6 of the Complaint.

## RESPONSE TO COUNT I

7.      HTC admits that United States Patent No. 7,184,031 (the "'031 patent"), on its face, is titled "Method and Controller for Identifying a Drag Gesture."  HTC further admits that, on its face, the '031 patent states that it was issued on February 27, 2007.  HTC further admits that, on its face, the '031 patent states that the application leading to the '031 patent was filed on July 6, 2004.  HTC is without sufficient information to admit or deny the remaining allegations Paragraph 7 of the Complaint and therefore on that basis denies them.

8.      HTC denies the allegations of paragraph 8 of the Complaint.

9.      HTC admits that HTC-branded smartphones and tablets are sold throughout the United States, including in the State of Texas and in this judicial district.  HTC denies the remaining allegations of paragraph 9 of the Complaint.

10.      Paragraph 10 contains no allegations of fact to which any response is required under Rule 8(b) of the Federal Rules of Civil Procedure.  To the extent Paragraph 10 might be deemed to contain any such allegations, HTC denies them.

11.      HTC denies the allegations of paragraph 11 of the Complaint.

12.      HTC denies the allegations of paragraph 12 of the Complaint.

## RESPONSE TO COUNT II

13.      HTC admits that United States Patent No. 7,180,506 (the "'506 patent"), on its face, is titled "Method for Identifying a Movement of Single Tap on a Touch Device." HTC further admits that, on its face, the '506 patent states that it was issued on February 20, 2007. HTC further admits that, on its face, the '506 patent further states that the application leading to the '506 patent was filed on February 12, 2004.  HTC is without sufficient information to admit or deny the remaining allegations Paragraph 13 of the Complaint and therefore on that basis denies them.

3

14.    HTC denies the allegations of paragraph 14 of the Complaint.

15.    HTC admits that HTC-branded smartphones and tablets are sold throughout the United States, including in the State of Texas and in this judicial district. HTC denies the remaining allegations of paragraph 15 of the Complaint.

16.    Paragraph 16 contains no allegations of fact to which any response is required under Rule 8(b) of the Federal Rules of Civil Procedure. To the extent Paragraph 16 might be deemed to contain any such allegations, HTC denies them.

17.    HTC denies the allegations of paragraph 17 of the Complaint.

18.    HTC denies the allegations of paragraph 18 of the Complaint.

## RESPONSE TO COUNT III

19.    HTC admits that United States Patent No. 7,190,356 (the "'356 patent"), on its face, is titled "Method and Controller for Identifying Double Tap Gestures." HTC further admits that, on its face, the '356 patent states that it was issued on March 13, 2007. HTC further admits that, on its face, the '356 patent states that the application leading to the '506 patent was filed on February 12, 2004. HTC is without sufficient information to admit or deny the remaining allegations Paragraph 19 of the Complaint and therefore on that basis denies them.

20.    HTC denies the allegations of paragraph 20 of the Complaint.

21.    HTC admits that HTC-branded smartphones and tablets are sold throughout the United States, including in the State of Texas and in this judicial district. HTC denies the remaining allegations of paragraph 21 of the Complaint.

22.    Paragraph 22 contains no allegations of fact to which any response is required under Rule 8(b) of the Federal Rules of Civil Procedure. To the extent Paragraph 22 might be deemed to contain any such allegations, HTC denies them.

23.    HTC denies the allegations of paragraph 13 of the Complaint.

24.     HTC denies the allegations of paragraph 24 of the Complaint.

## RESPONSE TO COUNT IV

25.     HTC admits that United States Patent No. 7,319,457 (the "'457 patent"), on its face, is titled "Method of Scrolling Window Screen by Means of Controlling Electronic Device." HTC further admits that, on its face, the '457 patent states that it was issued on January 15, 2008. HTC further admits that, on its face, the '457 patent states that the application leading to the '457 patent was filed on February 12, 2004.  HTC is without sufficient information to admit or deny the remaining allegations Paragraph 25 of the Complaint and therefore on that basis denies them.

26.     HTC denies the allegations of paragraph 26 of the Complaint.

27.     HTC admits that HTC-branded smartphones and tablets are sold throughout the United States, including in the State of Texas and in this judicial district.  HTC denies the remaining allegations of paragraph 27 of the Complaint.

28.     Paragraph 28 contains no allegations of fact to which any response is required under Rule 8(b) of the Federal Rules of Civil Procedure.  To the extent Paragraph 28 might be deemed to contain any such allegations, HTC denies them.

29.     HTC denies the allegations of paragraph 29 of the Complaint.

30.     HTC denies the allegations of paragraph 24 of the Complaint

## RESPONSE TO PRAYER FOR RELIEF

31.     HTC denies that Touchscreen is entitled to any relief whatsoever against either HTC defendant in this action, as requested in its Complaint or otherwise.  Touchscreen's prayer should therefore be denied in its entirety and with prejudice, and Touchscreen should take nothing therefor.

## RESPONSE TO DEMAND FOR JURY TRIAL

32.     Touchscreen's jury demand requires no answer.  HTC also demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

33.     Further answering the Complaint, HTC alleges the following defenses, but without assuming any burden of proof or persuasion by so doing:

34.     The Complaint fails to state a claim upon which relief can be granted.

35.     HTC does not infringe and has not infringed any claim of the '031, '506, '356, and/or '457 patents (collectively the "Patents-in-Suit"), either literally or under the doctrine of equivalents, by direct, contributory, or induced infringement, willfully or otherwise.

36.     The claims of the Patents-in-Suit patent are invalid for failure to satisfy the conditions of patentability under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.     The Plaintiff is estopped, among other things because of distinctions made in the specification and/or prosecution history estoppel and/or disclaimer, from construing or interpreting the claims of any of the Patents-in-Suit to cover or include, either literally or by application of the doctrine of equivalents, any acts of HTC by reason of the proceedings in the PTO during prosecution of the applications leading to the issuance of one or more of the Patents-in-Suit, the admissions and representations made therein to the PTO by the applicants, disclosure, or language in the specifications of the Patents-in-Suit, and/or limitations in the claims of the Patents-in-Suit.

38.     The relief sought by the Plaintiff is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and/or acquiescence due to its inaction in timely asserting the patent, express or implied license, and/or patent exhaustion.

39.     Plaintiff's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

40.     Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with its action.

41.     Plaintiff is not entitled to injunctive relief because, *inter alia*, any injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

42.     To the extent certain products accused of infringing one or more of the Patents-in-Suit are used by and/or manufactured for the United States Government, Plaintiff's claims against HTC with respect to such products are barred, in whole or in part, under 28 U.S.C. § 1498.

43.     HTC reserves the right to assert any other defenses, including, without limitation, unenforceability for inequitable conduct that further discovery and/or investigation may reveal.

## DEFENDANT HTC'S COUNTERCLAIMS AND JURY DEMAND

1.     HTC Corporation and HTC America, Inc. (collectively "HTC") bring this counterclaim against Touchscreen Gestures, LLC ("Touchscreen") for declaration that HTC does not infringe any claim or claims of U.S. Patent Nos. 7,184,031 (the "'031 patent"), 7,180,506 (the "'506 patent"), 7,190,356 (the "'356 patent"), and 7,319,457 (the "'457 patent"), collectively the "Patents-in-Suit," which purportedly are owned by Touchscreen and that the Patents-in-Suit are invalid.

2.     Paragraphs 1-43 of the foregoing Answer and Affirmative Defenses are incorporated by reference as if fully pleaded herein.

## PARTIES

3.     Counterclaim Plaintiff HTC Corporation is a Taiwanese corporation with its principal place of business at 23 Xinghua Rd., Taoyuan City, Taoyuan County 330, Taiwan, R.O.C.

4.     Counterclaim Plaintiff HTC America, Inc. is incorporated under the laws of the State of Washington, with its principal place of business in that state.

5.     Counterclaim Defendant Touchscreen has held itself out to be a Texas corporation.

## JURISDICTION AND VENUE

6.     Counterclaim Defendant Touchscreen Gestures, LLC ("Touchscreen") has held itself out to be the owner of the Patents-in-Suit.

7.     This counterclaim arises under the Declaratory Judgment Act and the patent laws of the United States. *See* Fed. R. Civ. P. 13; 28 U.S.C. §§ 2201 and 2202; and 35 U.S.C. §§ 101 *et seq*.

8.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

9.     This Court has personal jurisdiction over Counterclaim Defendant Touchscreen by virtue of Touchscreen's filing of the Complaint in this action.

10.     Venue in this judicial district is proper under at least 28 U.S.C. § 1391 and by virtue of Touchscreen's filing of the Complaint in this action.

11.     An actual and justiciable controversy exists between HTC, on the one hand, and Touchscreen, on the other hand, concerning Touchscreen's claims of infringement of the Patents-in-Suit and concerning whether the Patents-in-Suit arevalid.

## COUNT 1

### (Declaratory Judgment of Non-Infringement of the Patents-in-Suit)

12.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1-11 of its Counterclaim above, as if fully set forth herein.

13.     Touchscreen filed suit against HTC and others alleging in its Complaint that HTC has infringed the Patents-in-Suit.  As a result of those allegations and the filing of the lawsuit, HTC has a reasonable apprehension that Touchscreen will continue to assert the Patents-in-Suit against HTC.

14.     HTC has not directly infringed, contributed to the infringement of, or induced infringement of any valid claim of any one or more of the Patents-in-Suit, nor has HTC directly or indirectly infringed any valid claim of any one or more of the Patents-in-Suit, either literally or under the doctrine of equivalents.

15.     An actual and justiciable controversy exists between HTC and Touchscreen regarding HTC's non-infringement of the Patents-in-Suit that is within the jurisdiction of this Court.

16.     By reason of the foregoing, HTC is entitled to a declaratory judgment by this Court that HTC does not infringe any claim of any of the Patents-in-Suit.

## COUNT 2

### (Declaratory Judgment of Invalidity of the Patents-in-Suit)

17.     HTC re-alleges and incorporates by reference its allegations in paragraphs 1-16 of its Counterclaim above, as if fully set forth herein.

18.     Touchscreen filed suit against HTC alleging in its Complaint that HTC has infringed the Patents-in-Suit.  As a result of these allegations and the filing of the lawsuit, HTC

has a reasonable apprehension that Touchscreen will continue to assert the Patents-in-Suit against HTC.

19. By its Complaint, Touchscreen alleges that the Patents-in-Suit are valid. HTC has denied these allegations and contends that the Patents-in-Suit and any claim or claims thereof are invalid under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and 112 and the rules, regulations, and laws pertaining those provisions. An actual and justiciable controversy exists between HTC and Touchscreen regarding this issue that is within the jurisdiction of this Court.

20. Each claims of each of the Patents-in-Suit is invalid for failing to comply with one or more of the requirements under the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

21. By reason of the foregoing, HTC is entitled to a declaratory judgment by this Court that each claim of each of the Patents-in-Suit is invalid.

## PRAYER FOR RELIEF

22. WHEREFORE, HTC respectfully requests and prays that this Court:

    a. dismiss Touchscreen's Complaint in its entirety, with prejudice, and that Touchscreen take nothing by its Complaint, and that judgment be entered in favor of HTC;

    b. declare that HTC has not infringed, and is not infringing, any claim of the Patents-in-Suit;

    c. declare that each of the claims of the Patents-in-Suit is invalid;

    d. declare that this action constitutes an exceptional case under 35 U.S.C. § 285 and that HTC be awarded costs of suit that HTC has incurred,

including attorneys' fees and any additional relief that the Court deems appropriate; and

e.   grant such other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

23.   Counterclaim Plaintiff HTC demands a jury trial on all issues so triable.

Respectfully submitted,

_____/s/ Jerry R. Selinger_____
Jerry R. Selinger
State Bar No. 18008250
Susan E. Powley
State Bar No, 00784785
PATTERSON & SHERIDAN, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
(214) 272-0957 (Telephone)
(214) 296-0246 (Facsimile)
jselinger@pattersonsheridan.com

ATTORNEYS FOR DEFENDANTS
HTC CORPORATION and HTC AMERICA, INC.

### CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2012, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing ("ECF") system of the court.  The attorneys of record who have consented in writing to accept notice as service of this document by electronic means are being served pursuant to Local Rule CV-5(a)(3) by a "Notice of Electronic Filing," sent by the ECF system.

_____/s/ Jerry  R. Selinger_____