COUNSEL LISTED ON SIGNATURE PAGE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOUCHSCREEN GESTURES LLC,<br>Plaintiff,<br>v.<br>HTC CORPORATION ET AL.,<br>Defendant. | Case No. 3:13-cv-01772-WHA |
| TOUCHSCREEN GESTURES LLC,<br>Plaintiff,<br>v.<br>GOOGLE INC.<br>Defendant. | Case No. 3:13-cv-02478-WHA |
| TOUCHSCREEN GESTURES LLC,<br>Plaintiff,<br>v.<br>SAMSUNG ELECTRONICS CO, LTD; ET AL,<br>Defendant. | Case No. 3:13-cv-02715-WHA |
| TOUCHSCREEN GESTURES LLC,<br>Plaintiff,<br>v.<br>VIEWSONIC CORPORATION,<br>Defendant. | Case No. 3:13-cv-02758-WHA |
| TOUCHSCREEN GESTURES LLC,<br>Plaintiff and Counterclaim Defendant,<br>v.<br>APPLE INC.<br>Defendant and Counterclaim Plaintiff. | Case No. 3:13-cv-02759-WHA |

## STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] ORDER REGARDING ELECTRONIC DISCOVERY

1  WHEREAS, pursuant to the parties' Joint Case Management Conference Statement and following the discussion at the July 11, 2013 Case Management Conference, the parties have met and conferred and agreed upon a proposed order regarding electronic discovery in the above-captioned cases;

IT IS HEREBY STIPULATED by and between counsel for the parties that, subject to the Court's approval, the attached [~~Proposed~~] Order Regarding Electronic Discovery shall govern electronic discovery in these actions.

Dated: July 17, 2013                    Respectfully submitted,

*/s/ Winston O. Huff*

Lewis E. Hudnell, III (CASBN 218736)
Email: lewis@colvinhudnell.com
COLVIN HUDNELL LLP
555 California Street, Suite 4925
San Francisco CA 94104
Telephone: 212.634.6844
Facsimile: 347.772.3034

Winston O. Huff (admitted *pro hac vice*)
Email: whuff@huffip.com
Deborah Jagai (admitted *pro hac vice*)
Email: djagai@huffip.com
W. O. HUFF & ASSOCIATES, PLLC
302 Market Street, Suite 450
Dallas, Texas 75202
214.749.1220 (Firm)
469.206.2173 (Facsimile)

*Attorneys for Plaintiff*
*TOUCHSCREEN GESTURES, LLC*

**STIPULATION AND [PROPOSED] ORDER
REGARDING ELECTRONIC DISCOVERY**

*/s/ Jerry R. Selinger*

John C. Carey
PATTERSON & SHERIDAN, LLP
250 Cambridge Ave., suite 300
Palo Alto, CA 94306-1556
Telephone: 650.330.2310
Facsimile: 650.330.2314

Jerry R. Selinger (*Pro Hac Vice*)
PATTERSON & SHERIDNA, LLP
1700 Pacific Ave., Suite 2650
Dallas, Texas 75201
Telephone: 214.272.0957
Facsimile: 214.296.0246

*Attorneys for Defendant*
*HTC CORPORATION AND*
*HTC AMERICA, INC.*


*/s/ Sonal N. Mehta*

Garland T. Stephens (Admitted to ND Cal)
garland.stephens@weil.com
WEIL, GOTSHAL & MANGES LLP
Houston Office
700 Louisiana Street
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Sonal N. Mehta (CA Bar No. 222086)
sonal.mehta@weil.com
Nathan Greenblatt (CA Bar No. 262279)
nathan.greenblatt@weil.com
Arjun H. Mehra (CA Bar No. 267918)
arjun.mehra@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

*Attorneys for Defendant*
*APPLE INC.*

-3-

**STIPULATION AND [PROPOSED] ORDER**
**REGARDING ELECTRONIC DISCOVERY**

|   |   |
|---|---|
| 1 |   |
| 2 | */s/ Brian M. Berliner* |
| 3 | Brian M. Berliner (Cal. Bar 165732)<br>Dawn Sestito (Cal. Bar  214011) |
| 4 | Brian M. Cook (Cal. Bar 266181)<br>Daniel Levy (Cal. Bar 273386) |
| 5 | O'MELVENY & MYERS LLP<br>400 South Hope Street, 18th Floor |
| 6 | Los Angeles, California 90071 |
| 7 | Telephone: (213) 430-6000<br>Facsimile: (213) 430-6407 |
| 8 | Email:  bberliner@omm.com<br>Email:  dsestito@omm.com |
| 9 | Email:  bcook@omm.com<br>Email:  dlevy@omm.com |
| 10 |   |
| 11 | B. Jennifer Glad (Cal. Bar 239386)<br>O'MELVENY & MYERS LLP |
| 12 | 1999 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067 |
| 13 | Telephone: (310) 553-6700 |
| 14 | Facsimile: (310) 246-6779<br>Email:  jglad@omm.com |
| 15 |   |
| 16 | *Attorneys for Defendants*<br>*SAMSUNG ELECTRONICS CO., LTD.;* |
| 17 | *SAMSUNG ELECTRONICS AMERICA, INC.;*<br>*and* |
| 18 | *SAMSUNG TELECOMMUNICATIONS*<br>*AMERICA, LLC* |
| 19 |   |
| 20 | */s/ Charanjit Brahma* |
| 21 | Charanjit Brahma (Cal. Bar. No. 204771) |
| 22 | brahmac@gtlaw.com<br>GREENBERG TAURIG |
| 23 | 2101 L Street NW, Suite 1000<br>Washington, DC 20037 |
| 24 | Telephone: (202) 331-3100 |
| 25 | Fax: (202) 261-4798 |
| 26 | *Attorney for Defendant*<br>*GOOGLE INC.* |
| 27 |   |
| 28 |   |

-4-

**STIPULATION AND [PROPOSED] ORDER
REGARDING ELECTRONIC DISCOVERY**

*/s/ Colin H. Murray*
D. James Pak (State Bar No. 194331)
Email: d.james.pak@bakermckenzie.com
Colin H. Murray (State Bar No. 159142)
Email: colin.murray@bakermckenzie.com
BAKER & MCKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone:   (415) 576-3000
Facsimile:    (415) 576-3099

Jay F. Utley
Email: jay.utley@bakermckenzie.com
BAKER & MCKENZIE LLP
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX  75201
Telephone:   (214) 978-3000
Facsimile:    (214) 978-9099

Richard V. Wells
Email: richard.wells@bakermckenzie.com
BAKER & MCKENZIE LLP
815 Connecticut Avenue, N.W.
Washington, DC 20006
Telephone:   (202) 452-7000
Facsimile:    (202) 452-7074

*Attorneys for Defendant*
*VIEWSONIC CORPORATION*

**ATTESTATION OF E-FILER**

In compliance with Local Rule 5-1(i), the undersigned ECF user whose identification and password are being used to file this document, hereby attests that all signatories have concurred in the filing of this document.

*/s/ Arjun H. Mehra*
Arjun H. Mehra

-5-

**STIPULATION AND [PROPOSED] ORDER REGARDING ELECTRONIC DISCOVERY**

## [~~PROPOSED~~] ORDER REGARDING ELECTRONIC DISCOVERY

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. This Order may be modified for good cause.[1]

2. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, if the parties produce emails, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email") or custodial ESI, except with respect to documents described in Paragraph 7 below. As used herein, "custodial ESI" refers to ESI that is in the possession of an individual custodian, rather than in central repositories. To obtain email or custodial ESI beyond the documents described in Paragraph 8 below, the parties must propound specific email or custodial ESI production requests.

6. Email or custodial ESI production requests, if any, shall only be propounded for specific issues, rather than general discovery of a product or business.

---

[1] All limitations in this Order apply to Defendant Groups rather than to individual corporate entities, regardless of whether that is expressly stated elsewhere.

-1-

**STIPULATION AND [PROPOSED] ORDER**
**REGARDING ELECTRONIC DISCOVERY**

-2-

7. Email or custodial ESI production requests, if any, shall be phased to occur after the parties have exchanged and reviewed (1) initial disclosures and disclosures as required by the Patent Local Rules Order and Discovery Order in this case; (2) basic documentation about the Patents-in-Suit, the prior art, the design, development, operation, and marketing of the accused functionalities, and the relevant finances; and (3) documents about prior knowledge, communications, discussion with or between the parties, and documents relating to the Patents-in-Suit. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

8. Following the production of documents in Paragraph 7 above, parties may serve email or custodial ESI production requests. Such requests, if any, shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

9. Each requesting party shall limit its email or custodial ESI production requests, if any, to a total of seven custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email or custodial ESI production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

10. Each requesting party shall limit its email or custodial ESI production requests, if any, to a total of seven search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product

-2-

name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email or custodial ESI production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14. Production of ESI in accordance with this Order excludes data that is not reasonably accessible because of undue burden or cost (*e.g.*, backup tapes intended for disaster-recovery purposes; legacy data leftover from obsolete systems that cannot be retrieved on the successor systems; deleted data remaining in fragmented form that requires some type of forensic inspection to restore and retrieve it).

15. Notwithstanding any other provisions herein, metadata (as used herein to refer to electronically stored information about a document that does not appear on the face of the original document if emailed or printed), or any back-up materials (i.e., materials retained primarily for back-up or disaster recovery purposes) need not be searched or produced absent a

-3-

**STIPULATION AND [PROPOSED] ORDER
REGARDING ELECTRONIC DISCOVERY**

Court order upon showing of good cause and neither the producing party nor the receiving party need deviate from any practice it normally follows with regard to preservation of such materials (e.g., regularly schedule deletion of voicemail, archiving electronic data without associated metadata, recycling of back-up tapes conducted in the ordinary course of a party's business operation is permitted), except upon a showing of good cause. The following locations will not be searched under any circumstances, and as such need not be preserved, absent a Court order upon showing of good cause: personal digital assistants; mobile phones; voicemail and other audio systems; instant messaging logs; video; residual, fragmented, damaged, permanently deleted, and/or unallocated data; automated disaster recovery backup systems; and/or materials retained in tape, disks (including floppy disk and optical disk), SAN, or similar formats primarily for back-up or disaster recovery purposes, as well as archives stored on computer servers, external hard drives, thumb drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes or not used as reference materials in the ordinary course of a party's business operations. In addition, the parties agree that with respect to documents that automatically "autosave," only the most recent version of such documents need be searched.

16. The producing party need not employ forensic data collection or tracking methods and technologies, but instead may make electronic copies for collection and processing purposes using widely-accepted methods or methods described in manufacturers' and/or programmers' instructions, help menus, websites, and the like (e.g., .pst's, .zip's, etc.), except when and to the extent there is good cause to believe specific, material concerns about authenticity exist with respect to specific documents and materials. If receiving party believes that there is such good cause, then the producing party and the receiving party shall meet and confer in good faith to determine the extent to which forensic and other data associated with the specific documents and materials should be produced.

**IT IS SO ORDERED.**

Dated: July 22, 2013.

_____
William Alsup
United States District Judge